COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

August 25, 2014

Kevin W. Gibson, Esquire
Gibson & Perkins P.C.
1326 King Street
Wilmington, DE  19801

Barry M. Willoughby, Esquire
Young Conaway Stargatt
    & Taylor, LLP
100 North King Street
Wilmington, DE  19801

John D. Balaguer, Esquire
White and Williams LLP
824 N. Market Street, Suite 902
Wilmington, DE  19801

William J. Cattie, III, Esquire
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
Wilmington, DE  19801

Bradley P. Lehman, Esquire
Zarwin Baum DeVito Kaplan Schaer Toddy P.C.
1000 North West Street, Suite 1200
Wilmington, DE  19801

Re:  *CCC Atlantic, LLC v. Grey*
     C.A. No. 8739-VCN

Dear Counsel:

In a July 3, 2014 letter accompanying the letter opinion dismissing Plaintiff's fiduciary duty claims, the Court inquired as to whether it should retain jurisdiction of the remaining claims that could be handled at law.

Plaintiffs moved for reargument; when that motion was denied, the Court again requested Plaintiffs' views on retention of jurisdiction. No response to that inquiry has been received. Intervenor The Bancorp Bank wrote on July 25, 2014, urging the Court to retain jurisdiction under the cleanup doctrine.[1]

Reliance on the cleanup doctrine is a matter for the Court's discretion.[2] In this instance, with the dismissal of the equitable claims, there is no good reason to retain jurisdiction. The other issues in this litigation, generally in the nature of malpractice, are properly resolved in the Superior Court. This action is in its early stages, and no prejudice would result from the action's transfer to a law court. Accordingly, the Court declines to retain jurisdiction under the cleanup doctrine or any other grounds.

---

[1] Letter of Bradley P. Lehman, Esq., dated July 25, 2014. One reason offered for the Court's retaining jurisdiction was that Bancorp planned to file a related action in this Court, and, thus, judicial economy might be served by keeping this case here. I am not aware of the filing of any such action.

[2] Donald J. Wolfe, Jr. and Michael A. Pittenger, *Corporate and Commercial Practice in the Del. Ct. of Chancery* § 2.04 (2013).

Therefore, this action is dismissed for lack of subject matter jurisdiction. Plaintiffs, if they so choose, may seek to transfer this action to the Superior Court within sixty days in accordance with 10 *Del. C.* § 1902.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K